**Jonathan K. SMITH, Plaintiff–Appellant,**

v.

**Mark W. EVERSON, Defendant–Appellee.**

No. 06–4686–cv.

United States Court of Appeals, Second Circuit.

Feb. 22, 2008.

Scott Michael Moore, Moore International Law Offices, P.C., New York, NY, for Appellant.

Thomas J. Clark, Tax Division, Department of Justice (Eileen J. O'Connor, Assistant Attorney General; Marion E.M. Erickson, Attorney, Tax Division, Department of Justice; and Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; on the brief), Washington, D.C., for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Jonathan K. Smith appeals from the September 29, 2006 minute order entry of the United States District Court for the Eastern District of New York (Feuerstein, J.), denying his application to preliminarily enjoin collection on the government's federal tax lien. We presume the parties' familiarity with the underlying facts and procedural history of the case.

We review the grant or refusal of interlocutory injunctive relief for abuse of discretion. *See Coca–Cola Co. v. Tropicana Prods., Inc.,* 690 F.2d 312, 315 (2d Cir. 1982) (citing *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931–32, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)). "An abuse of discretion may consist of an error of law, an error of fact, or an error in the substance or form of the trial court's order." *Id.*; *see also Lusk v. Village of Cold Spring,* 475 F.3d 480, 484 (2d Cir.2007).

Rule 52(a) of the Federal Rules of Civil Procedure requires district courts to "state the findings [of fact] and conclusions [of law]" when granting or refusing an interlocutory injunction. Fed.R.Civ.P. 52(a)(2); *see also Mayo v. Lakeland Highlands Canning Co.,* 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774 (1940). There was no court reporter present during argument for the preliminary injunction motion at issue, and the minute entry offers no findings of fact or determinations of law from which this Court can discern which of the government's alternative legal theories (or some other) the district court relied upon in denying the motion. *See Rosen v. Siegel,* 106 F.3d 28, 32 (2d Cir.1997) (stating that "absent explicit findings, we lack a clear understanding of the ground or basis of the decision of the trial court.") (internal quotation marks omitted). Moreover, because our review of questions of law can turn on the district court's application of the law to the facts, it is imperative that the record below establish a sufficient factual predicate for us to determine whether that application by the district court was proper.[1]

---

1. We also note that there is a motion to dismiss pending in this case before the district

For the foregoing reasons, we RE-VERSE and REMAND the decision of the district court.

court, which implicates many of the same legal issues as the preliminary injunction motion. We think judicial efficiency might be better served if the district court considered consolidating these motions, and entering findings of fact and law with respect to both. In addition, we reach no conclusion as to whether the Anti–Injunction Act precludes plaintiff from pursuing the relief sought. *See* 26 U.S.C. § 7421(a).